VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     23-AP-292

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

FEBRUARY TERM,   2024

Timothy M. Boucher v. Jessica Boucher\*　　　}　APPEALED FROM:
　　　　　　　　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　　　　　　}　Superior Court, Franklin Unit,
　　　　　　　　　　　　　　　　　　　　　}　Family Division
　　　　　　　　　　　　　　　　　　　　　}　CASE NO. 267-10-17 Frdm
　　　　　　　　　　　　　　　　　　　　　　　Trial Judge: Elizabeth Novotny

In the above-entitled cause, the Clerk will enter:

Mother appeals the family court's decision granting father's motion to modify parent-child contact.  We affirm.

The following facts are drawn from the record below.  The parties were previously married and have a daughter who is nine years old.  At the time of their divorce in 2018, the parties stipulated that mother would have sole legal and primary physical rights and responsibilities for daughter.  Father's contact with daughter was limited to one weekly supervised visit at All About Kids.  The parties agreed that the parent-child contact schedule could be modified if father completed domestic-violence programming and drug and alcohol counseling as required by his probation officer.

In September 2020, father moved to modify parent-child contact, asking for visits to be unsupervised and to increase his visitation time from one hour a week to weekends and alternate holidays.  He asserted that there was a change in circumstances because he had completed probation, been sober for over twenty months, obtained a driver's license and professional certifications, and consistently paid his child-support obligation.  Mother opposed the motion, arguing that visits should continue to be supervised due to father's history of substance abuse and violence toward mother.  The court partially granted the motion after a hearing in September 2021 and ordered that father would have a second weekly visit that would begin at All About Kids so that staff and mother could observe whether father was under the influence of drugs or alcohol.  The visit could then take place in the community.  Mother could unilaterally terminate the visit if she had reason to believe that father had consumed drugs or alcohol.  The court stated that if visits went well, father could move to further modify contact.

Mother subsequently moved for emergency relief and to modify the order, asserting that father had used marijuana in his car during a recent visit.  The court denied emergency relief but scheduled a hearing to address the motion.  Following the hearing, the court concluded that there was insufficient evidence to support mother's concerns.  However, because father admitted that

he used marijuana on a daily basis, the court ordered father to abstain from marijuana during visits and for twelve hours beforehand. It also granted father's request to modify contact to one two-hour visit, instead of two one-hour visits, to allow him more time to engage in activities with daughter.

In March 2022, father filed the motion that is the subject of this appeal. He again asked to increase his contact schedule to have weekends and alternating holidays with daughter, asserting that visits since the previous order had been successful. Mother opposed the motion, arguing that daughter did not want to spend more time with father and that it would be emotionally harmful for daughter to go from seeing father for weekly two-hour visits to spending whole weekends with him. At a hearing in April 2022, the parties agreed to increase father's community-based supervised visitation to three hours a week. The court ordered the parties to engage in mediation.

Following mediation, mother filed a stipulated motion in August 2022 to modify father's parent-child contact to a weekly four-and-a-half-hour unsupervised visit and asked the court to dismiss the pending motion to modify. The court granted the motion. Father, who by then had retained counsel, moved for reconsideration, asserting that he had not agreed to the stipulation and that the parties' agreement was supposed to be temporary pending a final hearing on the motion to modify. Following a hearing in October 2022, the court vacated its prior order, indicating that it had mistakenly believed that father was moving to dismiss his own motion. It declined mother's motion to adopt the stipulation, noting that the parties were unrepresented at the mediation and the stipulation did not indicate whether it was intended to be temporary or final. The court also expressed doubt as to whether the stipulated contact schedule, which limited father's contact to four-and-a-half hours a week, was in daughter's best interests. It indicated that it would schedule a further hearing on father's motion to modify contact.

The court held a hearing in January 2023 at which father, father's mother, father's work supervisor, and mother testified. The court subsequently issued an order in April 2023 finding that father had been sober from alcohol and all drugs except marijuana since December 2018. Father worked full time and had some side jobs. His supervisor found him to be reliable and sober at work. Father had not used marijuana or been under its influence during visits with daughter. He did once appear at a swim meet smelling of marijuana, but he had been invited by mother and had not been scheduled to be with daughter during this time. Father's visits with daughter were going well. His interactions with her were limited by the requirement that visits take place in public settings. He violated that condition on one occasion when he brought daughter to his house to paint her bunkbed. The court expressed concern that father appeared to be willing to violate conditions if he felt it was not a big deal. Father rented living space from his landlord, who had two boys. Father's mother was also fostering two children who were close in age to daughter. The court found that these children did not pose any risk of harm to daughter.

In the April 2023 order, the court amended the prior parent-child contact order to allow father to overcome mother's request to terminate a visit based on suspicion that he had consumed alcohol or drugs by undergoing a portable breathalyzer or instant drug test. It concluded that it was in daughter's best interests to maximize contact with father, subject to the existing drug and alcohol conditions, but found that contact should be increased gradually to avoid causing daughter significant emotional harm. It indicated that contact should increase over six months so that father would eventually have alternating weekends and one after-school visit during off

2

weeks. It directed the parties to propose a joint parent-child contact schedule. It temporarily increased father's weekly contact to six hours on Saturdays.

The parties were unable to agree on a parent-child contact schedule, and each submitted their own proposal. In July 2023, the court issued a final order granting father's motion to modify, which it stated was based on the findings in the April 2023 order. It modified the parent-child contact schedule to gradually increase father's contact over the succeeding months such that by October 2023, father would have visitation with daughter on weekends from Friday after school to Sunday evening and one weekday after school, as well as alternating weeks in the summer. Three days later, mother filed her own motion to modify parent-child contact, asserting that father's girlfriend's son had hit daughter and that daughter had suffered a head injury while on father's boat. Mother also moved to alter or amend the judgment, arguing that the change would be emotionally harmful to daughter, that father could be dangerous if he relapsed, that there was newly discovered evidence of physical harm to daughter while in father's care, and that unlike mother, father was not able to care for daughter during weekdays in the summer. The court denied the motion to alter or amend and indicated that it would set a separate hearing on mother's motion to modify parent-child contact.

Mother filed a notice of appeal stating that she intended to challenge both the order granting father's motion to modify parent-child contact and the order denying mother's motion to alter or amend. However, in her briefs mother did not make any arguments concerning her motion to alter or amend. Accordingly, in this decision we focus solely on the order granting father's motion to modify contact.

When a party moves to modify an existing parent-child contact order, the court must first determine whether there has been a "real, substantial, and unanticipated change of circumstances." 15 V.S.A. § 668(a). If this threshold requirement is met, the court must decide whether modifying the parent-child contact order is in the child's best interests. Id.; see 15 V.S.A. § 665(b) (listing best-interests factors). "Decisions regarding the granting, modifying or denying of parent-child contact lie within the discretion of the family court, and we will not reverse the court's decision unless its discretion was exercised upon unfounded considerations or to an extent clearly unreasonable upon the facts presented." DeSantis v. Pegues, 2011 VT 114, ¶ 26, 190 Vt. 457 (quotation omitted).

Here, mother does not challenge the family court's determination that there was a change in circumstances that justified modification of the previous parent-child contact order. Rather, mother argues that the court failed to adequately analyze the best interests of the child as required by 15 V.S.A. § 665(b).

As a threshold matter, we consider father's argument that mother waived her right to review this claim because she did not order the transcript of a hearing related to father's motion to modify contact that occurred in April 2022. See V.R.A.P. 10(b)(1) ("By failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review."). There is no indication that the April 2022 hearing was an evidentiary hearing related to the court's final order. To the contrary: after that hearing the court issued a temporary order slightly increasing father's supervised visitation time, stating that "[d]uring the brief hearing, the parties were able to reach agreement as to a temporary change in the current parent child contact schedule." Moreover, the court's April 2023 order, which contained the findings that supported the final order modifying contact, states that it was based

on evidence presented at the January 2023 hearing for which mother did order a transcript. Accordingly, we conclude that mother has not waived her right to challenge the court's assessment of the evidence at that hearing.

We therefore turn to whether the court abused its discretion in modifying parent-child contact. The family court has discretion in evaluating the best-interests factors and is not required to specifically evaluate each statutory factor as long as "the findings as a whole reflect that the trial court has taken the statutory factors into consideration, in so far as they are relevant." MacCormack v. MacCormack, 2015 VT 64, ¶ 5, 199 Vt. 233 (quotation omitted). Although the July 2023 order does not contain any findings or analysis of the best-interests factors, the April 2023 order does, and the July order states that it is based on the April order. In the April order, the court explained that it had considered all the factors in 15 V.S.A. § 665(b) and found factor (b)(5), "the ability and disposition of each parent to foster a positive relationship and frequent and continuing contact with the other parent, including physical contact, except where contact will result in harm to the child or to a parent," to be most relevant. The court did not specifically address any other factor; however, "its decision is sufficient for us to discern its rationale." Weaver v. Weaver, 2018 VT 38, ¶ 21, 207 Vt. 236. The court found that it was in daughter's best interests to maximize contact with father, but to do so gradually to avoid causing the child emotional harm. This finding is consistent with the Legislature's statement that in general, "it is in the best interests of [a] minor child to have the opportunity for maximum continuing physical and emotional contact with both parents." 15 V.S.A. § 650. The court further found that it was in daughter's best interests to impose various conditions requiring father to be completely sober during visitation and to allow mother to end a visit if she had reason to believe father was not sober. These findings are supported by the record and in turn support the court's parent-child contact award.

Mother argues that the court gave insufficient weight to her testimony that father physically harmed her during the marriage and to evidence that father had abused alcohol and illicit drugs in the past.[*] She argues that a transition to more time with father would be emotionally harmful to the child. However, the court expressly considered father's history with substance abuse and the effect on the child of increasing contact and factored these issues into its decision. Mother essentially asks us to reweigh the evidence on appeal, which we will not do. See Fabiano v. Cotton, 2020 VT 85, ¶ 35, 213 Vt. 236 (explaining in appeal from decision modifying parent-child contact that this Court "will not reweigh the evidence or make findings of credibility on appeal").

Mother further argues that the court ought to have given more weight to evidence about daughter's relationships with mother's family and community, which she presented in her motion to reconsider. However, the court was not required to consider this evidence where mother had an opportunity to present it at the evidentiary hearing but failed to do so. See In re B.K., 2017 VT 105, ¶ 13, 206 Vt. 110 ("While the trial court has broad power under Rule 59(e) to reconsider issues previously presented, the rule does not contemplate reopening the evidence or creating a new record."). We therefore see no reason to disturb the decision below.

_____

[*] Mother also argues that the court should have given weight to her testimony that at some point during the marriage when father was under the influence, he pinched daughter and left marks on her legs. The court was within its discretion to give mother's vague testimony about this isolated incident little or no weight, as it was uncorroborated by any other evidence.

4

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Karen R. Carroll, Associate Justice


_____
William D. Cohen, Associate Justice

5